UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AIMEE LYNN BIONDOLILLO,

                Plaintiff,

                v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                Defendant.
_____

**DECISION
and
ORDER**

**17-CV-00964F**
(**consent**)

| APPEARANCES: | LAW OFFICES OF KENNETH R. HILLER, PLLC |
|---|---|

Attorneys for Plaintiff
KENNETH R. HILLER, and
BRANDI CHRISTINE SMITH, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY
UNITED STATES ATTORNEY
Attorney for Defendant
SARAH E. PRESTON, Of Counsel
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
     and
STEPHEN CONTE, and
HEETANO SHAMSOONDAR
Special Assistant United States Attorney, of Counsel
United States Attorney's Office
c/o Social Security Administration
Office of General Counsel
26 Federal Plaza – Room 3904
New York, New York 10278
     and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING
Special Assistant United States Attorney, of Counsel
c/o Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri 64106

## JURISDICTION

On June 19, 2018, the parties to this action, in accordance with a Standing Order (Dkt. No. 12), consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. No. 12-1). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 23, 2018 (Dkt. No. 8), and by Defendant on October 29, 2018 (Dkt. No. 13).

## BACKGROUND

Plaintiff Aimee Lynn Biondolillo ("Plaintiff" or "Biondolillo"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application for social security disability benefits filed with the Social Security Administration ("SSA"), on May 12, 2016, for Title II Disability Insurance benefits ("disability benefits"). In applying for disability benefits, Plaintiff alleges she became disabled on March 20, 2014, based on generalized anxiety disorder, depression, leg pain, lower back pain, fibromyalgia, possible rheumatoid arthritis, and migraine headaches. ($R^2$ at 223). Plaintiff's application was denied on January 23, 2015, (R.

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on October 13, 2016 (Dkt. 8).

2

111-13), and on February 10, 2015, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), (R. 120), which was held April 25, 2016, before ALJ Lauren Penn, at which both Plaintiff, represented by counsel, and Vocational Expert ("VE") Ms. Tucker ("VE Tucker"), appeared and testified. (R. 35-82). On May 12, 2016, the ALJ issued a decision denying Plaintiff's claim, which Plaintiff appealed to the Appeals Council. On August 3, 2017, the Appeals Council denied the request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On September 28, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's May 12, 2016 decision.

On April 23, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 8) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum"). On October 29, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. No. 13) ("Defendant's Motion"), attaching the Memorandum of Law in Support of the Defendant's Motion for Judgment on the Pleadings (Dkt. 13-1) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED. The Clerk of Court is ORDERED to close the file.

## **FACTS**[3]

Plaintiff Aimee Biondolillo ("Plaintiff" or "Biondolillo"), born on November 24, 1970, was 43 years old on the alleged disability onset date. (R. 183). Plaintiff, who

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for judgment on the pleadings.

lives with her husband and youngest daughter, graduated from high school, and has past relevant work experience as a medical coder, work which, as performed by Plaintiff, qualifies as semi-skilled or skilled, and as sedentary work. (R. 28).

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine

whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.     Disability Determination

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity, the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  Next to be determined is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent such an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

5

416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). [6] 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

A.  **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402

---

[6] "Past relevant work" or "PRW" is defined as work the claimant performed within the past 15 years as substantial gainful activity, for a sufficient period of time for the claimant to learn how to perform the work. 20 C.F.R. §§ 404.1560(b)(1), 404.1565, and 416.960(b). Whether past work qualifies as relevant is determined either as the claimant actually performed it, or as the work generally is performed in the national economy. *Id.*

6

U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[7] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits

---

[7] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

7

are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[8] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also*

---

[8] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

*Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work").  If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment.  *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

## B.    Substantial Gainful Activity

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. § 404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since March 20, 2014, Plaintiff's disability application date. (R. 18). Plaintiff does not contest this finding.

## C. Severe Physical or Mental Impairment

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In the instant case, the ALJ found Plaintiff suffers from the severe impairments of lumbar spine spondylosis and herniation, sacroiliac joint dysfunction, inflammatory arthritis, pain disorder, major depressive disorder, generalized anxiety disorder and panic disorder, but that Plaintiff's asthma, hypercholesterolemia, hyperlipidemia, irritable

bowel syndrome, gastroesophageal reflux disease ("GERD"), migraine headaches, piriformis (sciatica muscle disorder) syndrome, and fibromyalgia were not severe as defined under 20 C.F.R. § 404.930(cc), and that none of Plaintiff's severe impairments, either alone or in combination met or equaled a listed impairment. (R. 19-20).

In support of judgment on the pleadings, Plaintiff argues the ALJ erred by not using the correct criteria to evaluate Plaintiff's fibromyalgia impairment, Plaintiff's Memorandum at 17-20, and failing to properly evaluate the opinions of Gary Haber, M.D. ("Dr. Haber") and Kathryn Vullo, Ph.D. ("Dr. Vullo"), Plaintiff's treating physicians, and provide reasons for assigning less weight to such opinions. (R. 23-30). Defendant, in contrast, maintains the ALJ properly evaluated the severity of Plaintiff's fibromyalgia during step two of the analysis, Defendant's Memorandum at 17-20, and properly afforded weight to Plaintiff's treating physician opinions.

Step two of the disability review analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856). Step two severity determinations require ALJs to complete a careful evaluation of medical findings to inform the ALJ's judgment as to each impairment's limiting effects on the claimant's physical and mental abilities to perform basic work activities, using medical evidence to assess the effects the claimant's impairments have on the claimant's ability to complete basic work activities. *See* S.S.R. 85-28, 1985 WL 56856, at *4 (1985). An

ALJ's failure to account for a claimant's impairment does not normally require remand where substantial evidence supports the mere presence of the impairment, and the ALJ accounts for the impairment within the ALJ's residual functional capacity assessment. *See Lowe v. Colvin,* 2016 WL 624922, at *2 (W.D.N.Y. Feb. 17, 2016).

Social Security Rule ("SSR") 12-2P ("SSR 12-2P"), Titles II and XVI: Evaluation of Fibromyalgia, 2012 WL 3104869 (S.S.A. July 25, 2012),[9] provides guidance on the criteria necessary to establishing that a claimant has a medically determinable impairment ("MDI") of fibromyalgia using two classification systems provided by the American College of Rheumatology ("ACR"), namely, The 1990 ACR Criteria[10] for the Classification of Fibromyalgia ("1990 ACR") and The 2010 ACR Preliminary Diagnostic Criteria.[11]

Generally, to establish a claimant has an MDI of fibromyalgia using the criteria under 1990 ACR a claimant must provide evidence that includes diagnosis of fibromyalgia, a history of widespread pain in all quadrants of the body, axial skeletal pain that has persisted for at least three months with at least 11 of 18 tender points found bilaterally at the occiput (base of skull), lower cervical spine (base and side of neck), trapezius muscle (shoulder), supraspinatus muscle (near the shoulder blade), second rib, lateral epicondyle (outer elbow), gluteal (buttocks), greater trochanter (below

---

[9] Although SSRs do not have the same force and effect as statutes or regulations, "[t]hey are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1) (2007).
[10] *See* Frederick Wolfe et al., The American College of Rheumatology 1990 Criteria for the Classification of Fibromyalgia: Report of the Multicenter Criteria Committee, 33 Arthritis and Rheumatism 160 (1990), available at http:// www.rheumatology.org/practice/clinical/classification/fibromyalgia/1990-Critera-for-Classification-Fibro.org
[11] *See* Frederick Wolfe et al., The American College of Rheumatology Preliminary Diagnostic Criteria for Fibromyalgia and Measurement of Symptom Severity, 62 Arthritis Care and Research 600 (2010), available at http:// www.rheumatology.org/practice/clinical/classification/fibromyalgia/2010-Preliminary-Diagnostic-Criteria.pdf

12

the hip), inner aspect of the knee, and evidence that other disorders that could cause the symptoms or signs of fibromyalgia were excluded. In this case, the ALJ erred finding that Plaintiff's fibromyalgia did not meet the criteria for an MDI. (R. 20). Although the ALJ correctly noted that on December 24, 2014, Harbinder Toor, M.D. ("Dr. Toor"), found "no trigger points for fibromyalgia present during examination" (R. 20, 420), and on September 29, 2014, Melanie Connolly, M.D. ("Dr. Connolly"), documented "no positive trigger points," diagnosing Plaintiff with uncertain fibromyalgia, anxiety, and back pain (R. 326), nearly six months later on March 31, 2015, Dr. Connolly diagnosed Plaintiff with stable fibromyalgia, tender sacroiliac joints bilaterally, tender diffuse trigger points, and tender swollen hand joints, and referred Plaintiff to a pain management specialist. (R. 461). On March 4, 2015, Ya Li Chen, M.D. ("Dr. Chen"), noted that Plaintiff reported anxiety, depression, chronic leg pain, back pain, herniated discs and poor sleep, and diagnosed Plaintiff with fibromyalgia and arthralgia, and ordered X-rays of Plaintiff's swollen hands. (R. 449-56). The ALJ's findings include no discussion of Plaintiff's visit on March 9, 2015, to Gary Haber, M.D. ("Dr. Haber"), a physician with Rochester Pain Management, who evaluated Plaintiff with tenderness over her bilateral buttocks, and multiple tender points of the bilateral hips, proximal tibia area, shoulders and trapezius, and completed a lumbar epidural steroid injection at Plaintiff's L5-S1[12] disc segment. (R. 509). A plain reading of the record thus establishes such evidence meets the criteria for a MDI under 1990 ACR.

    Plaintiff also exhibited signs and symptoms necessary to establish a MDI of fibromyalgia under 2010 ACR including, a history of widespread pain (R. 54, 326, 413,

---

[12] L5 and S1 refer to numbered segments of an individual's lumbar spine and sacrum bone.

13

434) , repeated manifestations of fatigue or memory problems ("fibro fog) (R. 263, 459-60), waking unrefreshed (R. 53, 56, 323), depression (R. 582), anxiety disorder (R. 466-67), headache (476, 503), insomnia (R. 464, 471, 558), depression (R. 399, 426, 558), and nervousness.  (R. 323, 326).  This criteria establishes that Plaintiff also meets the criteria for MDI under 2010 ACR.  The ALJ's finding that Plaintiff's fibromyalgia does not meet the criteria for a MDI is therefore without support of substantial evidence in the record and requires REMAND.  Upon remand, the ALJ should include Plaintiff's fibromyalgia as a severe impairment under step two of the disability review analysis and include Plaintiff's MDI of fibromyalgia throughout the remaining steps of the review process.  The ALJ should also contact Plaintiff's treating physicians for additional information regarding Plaintiff's fibromyalgia to fill any gaps that may exist in the record. Plaintiff's motion on this issue is GRANTED.  As the ALJ's new determination under step two using the criteria established under 1990 ACR and 2010 ACR will necessarily alter the ALJ's remaining disability findings, the court declines to address Plaintiff's further arguments.

Given the Second Circuit's long-standing recognition that "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks omitted), the ALJ must develop the record by obtaining an RFC assessment or medical source statement regarding Plaintiff's ability, despite her impairments, including the MDI of fibromyalgia to perform work-related functions.  *See Kain*, 2017 WL 2059806, at *3-4 (remanding to ALJ for further administrative proceedings including further development of the record

by obtaining a physical RFC assessment or medical source statement to fill in gap regarding the claimant's ability to perform work-related functions). Thus, upon remand for further analysis at step two in the instant case, the ALJ should also obtain an RFC assessment from one of Plaintiff's treating sources who can provide a "longitudinal" picture of the impact of Plaintiff's fibromyalgia, as anticipated by SSR 12-2P. 2012 WL 3104869, at * 6 (providing with respect to an RFC assessment that the SSA "will consider a longitudinal record whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'"). Accordingly, the ALJ is also required upon remand to obtain an RFC assessment preferably from one of Plaintiff's treating sources who can provide a "longitudinal" picture of Plaintiff's impairment.

Further, mindful of the often painfully slow process by which disability determination are made, the Second Circuit instructs that some evaluation of relative hardship to a claimant of further delay should be considered, *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), and district courts may therefore "set a time limit for action by the administrative tribunal, and this is often done." *Zambrano v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). In the instant case, Plaintiff filed her application for disability benefits on October 20, 2014, appeared and testified at an administrative hearing on April 25, 2016, following which the ALJ issued his decision denying Plaintiff's disability benefits application on May 12, 2106, which decision was affirmed by the Appeals Council on August 23, 2017. As it has been more than four years since Plaintiff first filed her disability benefits application, further delay for remand is a hardship Plaintiff should not bear. Accordingly, upon remand, the Commissioner is required to complete

the additional proceedings related to Plaintiff's claim within 120 days of the filing of this Decision and Order. *See Dambrowski v. Astrue*, 590 F.Supp.2d 579, 588 (S.D.N.Y. 2008) (imposing 120-day time limit for subsequent proceedings where five years had elapsed since the plaintiff filed his application).

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 8) is GRANTED; Defendant's Motion (Dkt. No. 13) is DENIED. The case is REMANDED to the ALJ for further proceedings in accordance with this Decision and Order. The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 26, 2019
           Buffalo, New York