UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| AIMEE B., | |
|                          Plaintiff, | **DECISION** |
|           v. | **and** |
| | **ORDER** |
| ANDREW M. SAUL,[1] Commissioner of | |
|   Social Security, | **17-CV-964F** |
| | (**consent**) |
|                       Defendant. | |

_____

APPEARANCES:      LAW OFFICES OF KENNETH R. HILLER, PLLC
                  Attorneys for Plaintiff
                  KENNETH R. HILLER, and
                  IDA M. COMERFORD, of Counsel
                  6000 North Bailey Avenue
                  Suite 1A
                  Amherst, New York  14226


                  JAMES P. KENNEDY, JR.
                  UNITED STATES ATTORNEY
                  Attorney for Defendant
                  Federal Centre
                  138 Delaware Avenue
                  Buffalo, New York  14202
                          and
                  HEETANO SHAMSOONDAR, and
                  SARAH E. PRESTON
                  Special Assistant United States Attorneys, of Counsel
                  Social Security Administration
                  Office of General Counsel
                  26 Federal Plaza
                  Room 3904
                  New York, New York  10278
                          and

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri  64106

## JURISDICTION

On June 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 12).  The matter is presently before the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed April 15, 2020 (Dkt. 24) ("Fee Petition").

## BACKGROUND

Plaintiff commenced this action on September 28, 2017, pursuant to Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on October 20, 2012, for Social Security Disability Income ("SSDI") under Title II of the Act ("disability benefits").  Opposing motions for judgment on the pleadings were filed by Plaintiff on April 23, 2018 (Dkt. 8), and by Defendant on October 29, 2018 (Dkt. 13).  In a Decision and Order filed March 26, 2019 (Dkt. 14) ("D&O"), judgment on the pleadings was granted by the undersigned in favor of Plaintiff with the matter remanded to the Commissioner for further administrative proceedings.  On June 25, 2019, Plaintiff applied under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") for an award of attorney fees in connection with the remand in the amount of $ 6,900.72.  (Dkt. 16).  Upon remand from this court,

on July 26, 2019, the ALJ issued a decision favorable to Plaintiff.  (Dkt 24-3).  By stipulation filed August 13, 2019, the parties agreed that Plaintiff's counsel was entitled to attorney fees in the amount of $ 6,900.72 ("EAJA fee") (Dkt. 22), and the stipulation was approved by Text Order entered August 19, 2019 (Dkt. 23), with the EAJA fee received by Plaintiff's attorney on October 8, 2019.  (Dkt. 24-2 ¶ 13).  On March 29, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits in the amount of $ 67,569.60 in retroactive benefits, from which $ 16,892.40 was withheld to pay any attorney fees.  Notice of Award (Dkt. 24-4).  On April 15, 2020, Plaintiff filed the instant Fee Petition (Dkt. 24) pursuant to 42 U.S.C.§ 406(b), seeking $ 16,892.40 in attorney fees for 35 hours of work, and indicating the EAJA fee was received on October 8, 2019 (Dkt. 24-1 at 2).  In response, the Commissioner advises it raises no objections to the Fee Petition other than requesting the court confirm the Fee Petition was timely filed and the amount of fees  requested is reasonable.  (Dkt. 26).  No further reply was filed in support of the Fee Petition.

## **DISCUSSION**

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court. Nevertheless, even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Where, as here, there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Id*. Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in the interest in assuring that attorneys continue to represent clients such as the plaintiff. *Gisbrecht*, 535 U.S. at 805. Nevertheless, contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent

---

[2] A copy of the Fee Agreement is filed as Dkt. 21-3.

4

fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney.  *Wells*, 907 F.2d at 372.  The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel effected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, as stated, the Commissioner does not oppose the Fee Petition.  Dkt. 26 at 5-6.  Further, the amount of attorney fees requested does not exceed the statutorily permitted 25% of the retroactive disability benefits, and nothing in the record suggests there was any fraud or overreaching in making the contingent fee agreement and, accordingly, the court limits its review to whether the Fee Petition was timely filed and whether amount of fees requested in the Fee Petition is reasonable or would be a windfall to counsel.

      With regard to the timeliness of the Fee Petition, as Defendant concedes, Dkt. 27 at 2, requests for attorney fees filed in connection with an award of disability benefits as permitted by 42 U.S.C. § 406(b) are subject to the 14-day filing period, plus three days for mailing, as provided in Fed.R.Civ.P. 54(d)(2)(B).  *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019).  "[T]he fourteen-day filing period starts to run when the claimant receives notice [from the SSA] of the benefits calculation."  *Id.*, 932 F.3d at 91.  In the instant case, Plaintiff's counsel's filing of the Fee Petition on April 15, 2020, was seventeen days after the March 29, 2020 letter advising Plaintiff of the Commissioner's favorable decision awarding Plaintiff disability benefits.  Accordingly, the Fee Petition was timely filed.

Plaintiff's counsel requests as attorney fees $ 16,892.40 which is equal to the statutory 25 % cap based on the $ 67,569.60 retroactive disability benefits awarded Plaintiff.  Dividing the requested fee of $ $ 16,892.40 by 35 hours Plaintiff documents spending on Plaintiff's case, Dkt. 24-2 at 3-4, results in an hourly rate of $ 482.64.  When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency.  *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).

In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand.  Plaintiff's counsel asserts she expended a total of 35 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint, preparing and filing certificate of service, researching, drafting, reviewing and filing the motion for judgment on the pleadings, including preparing a memorandum of law, and preparing and filing the EAJA motion.  Dkt. 21-2 at 2-3.  Given the amount and type of work required in this action, this rate would be less than 50% of the hourly rate for fees awarded in similar cases.  *See*, *e.g.*, *McDonald*, 2019 WL 1375084, at * 2-3 (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*,  389

F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).  In fact, in this case the effective hourly rate is more consistent with cases where courts have reduced fees based on a determination that the cases required only a modest amount of work.  *See*, *e.g.*, *Mitchell v. Astrue*, 2019 WL 1895060, at * 5 (E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the plaintiff's attorney expended only 1.6 hours on the case before the Commissioner agreed to remand); and *Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015) (plaintiff's attorney never prepared any memorandum of law nor advanced any legal arguments because the matter was remanded to the SSA by stipulation, supporting § 406(b) attorney fee award reflecting reduction of hourly rate to $ 350 from $ 1000).

In these circumstances, the court finds the hourly rate  of $ 482.64 is not unreasonable, such that the requested fees of $ 16,892.40 for 35 hours of work also is not unreasonable.

## CONCLUSION

Based on the foregoing, Plaintiff's Fee Petition under § 406(b) (Dkt. 24) is GRANTED; Plaintiff is awarded $ 16,892.40 in fees to be paid from Plaintiff's retroactive benefits award.  Plaintiff's counsel is directed to remit to Plaintiff the $ 6,900.72 received for the EAJA fee award.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   April 6th, 2021
         Buffalo, New York